IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ANN ROBINETTE, individually )
And jointly with her husband Eric, )
)
ERIC ROBINETTE, individually )
And jointly with his wife Ann, )
)
       Plaintiffs, )
) Case No. 05-4084-CV-C-NKL
   v. )
)
WILLIAM JONES, et al., )
)
       Defendants.

ORDER

Pending before the Court is Plaintiffs Ann and Eric Robinette's ("the Robinettes") Motion for Reconsideration [Doc. # 55] of the Court's December 12, 2005, Summary Judgment Order. Also pending before the Court is Defendants' Motion for Attorney's Fees [Doc. # 56]. For the reasons set forth below, the Motion for Reconsideration will be denied and the Motion for Attorney's Fees granted.

**I.    Motion for Reconsideration**

On December 12, 2005, this Court granted summary judgment in Defendants' favor on all remaining counts of the Robinettes' Complaint. Within ten days of that Order, the Robinettes filed for reconsideration and a new trial under Fed. R. Civ. P. 59 and 60. Rule 59(a) permits the granting of a new trial following a trial by jury or a bench

1

trial. As the instant case was decided at Summary Judgment, there was no trial from which to request the granting of a new trial. Rule 59(e) allows motions to "correct[] manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal citations omitted). The Robinettes allege no manifest errors of law or fact and present no newly discovered evidence. As for Rule 60(b), the Robinettes allege neither mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; that the judgment was void; satisfaction, release, or discharge; nor any other reason justifying release from the judgment. Instead they recite the same allegations from their Complaint on which the Court granted summary judgment. They also cite for the first time case law absent from their Suggestions in Opposition to summary judgment. None of the cases cited, however, shed any new light on the case. Essentially, they are asking the Court to simply reach a different result on the same evidence.

For the same reasons set forth at length in the Court's Summary Judgment Order of December 12, 2005, the Motion for Reconsideration is denied.

## II.    Motion for Attorney's Fees

Under 42 U.S.C. § 1988, a District Court may award attorney's fees and expenses in a section 1983 action upon "well-supported findings" that the suit is "frivolous, unfounded, and vexatiously brought and pursued." *Davis v. City of Charleston*, 917 F.2d 1502, 1503 (8th Cir. 1990).

This case is not the first time that the Robinettes have sued these Defendants. Nearly identical pleadings were filed in 2003 against the current and three additional defendants in Case No. 03-4274-CV-C-NKL. In that previous case, the Court dismissed the federal claims against Defendant Prosecutor Merritt Beck on the grounds of absolute immunity, it dismissed all state law claims against the City of Centralia and its Police Department on the grounds of sovereign immunity, and it dismissed all claims against all other defendants in their official capacities on the grounds of sovereign immunity. Defendants then filed a Joint Motion for Summary Judgment on all remaining counts, and the Robinettes did not respond. Following a Show Cause Order, the Robinettes filed Suggestions in Opposition but their response was stricken as filed out of time without leave. After the Court granted leave to refile their Suggestions in Opposition out of time, the Robinettes instead dismissed their remaining claims without prejudice.

In 2005, the Robinettes filed the present Complaint alleging the same counts against the same defendants, including those previously dismissed by this Court in the first suit. What followed was a series of Motions to Dismiss, based both on the reasons for which the same claims were dismissed previously and on the further basis of collateral estoppel. The Robinettes did not even bother to respond to all of these Motions, and those they did respond to they did so out of time and without leave. The Court dismissed all the claims it had previously dismissed.

As they had before, the Defendants then jointly moved for summary judgment on the remaining claims. Once again the Robinettes did not respond in a timely fashion and

the Court issued an Order to Show Cause.  Eventually, the Robinettes filed a response (out of time without the Court's leave to do so) which cited absolutely no case law or evidence other than the bare allegations of their Complaint.  Rather than striking the out of time response, the Court decided to rule on the Motions before it and granted summary judgment in favor of all Defendants on all counts on the basis of various immunity defenses.

As to those claims dismissed with prejudice by the Court in the previous case (i.e., those against Merritt Beck, the City of Centralia and its Police Department, and the other defendants in their official capacities), there would appear no good faith basis for filing or pursuing such claims a second time after they had been dismissed with prejudice.  This is especially true given that the same attorney represented the Robinettes in both cases and should have known that these claims would be barred by collateral estoppel.  Indeed, when the Defendants moved to dismiss them on such grounds, the Robinettes did not even bother to respond.

As to the other claims raised in the previous case but dismissed without prejudice before the Court could rule on Defendants' Motion for Summary Judgment, the Court can find no good faith basis for renewing its claims in view of the Motions pending at the time the first case was dismissed.  The arguments on which the Court granted summary judgment in the instant case had all been raised by defense counsel in the first case.  The Robinettes and their attorney had ample opportunity to bolster their case given their knowledge of the defenses they faced.  Not only did they not do so, they didn't even

4

challenge these arguments the second time around. Instead, they filed out of time Suggestions in Opposition invoking the First Amendment and reiterating the allegations from their Complaint. In short, the Robinettes made no real effort to prosecute their case. This is especially true in the case of Defendant John Landis, for whom the Robinettes have never even alleged any wrongful conduct at any time during either case. Nevertheless, Landis was forced to defend himself twice.

Following the Court's Summary Judgment Order terminating the present case, the Robinettes have filed a Motion to Reconsider which simply restates their allegations and points to no legal error made by the Court in its Summary Judgment Order. Further, the Robinette's suggestions in opposition to the pending motion for attorney's fees offers no evidence or legal analysis of the issue, but is instead a screed against the City of Centralia. It does little other than recite the bare allegations of their Complaint and a handful of statutes that the City Police allegedly violated in issuing the Robinettes' parking ticket. There is no substance to their opposition.

Perhaps the Robinettes' unfounded Complaint could be overlooked once, but refiling the same Complaint–including claims previously found wanting by this Court–with no further effort to prosecute it, can only be considered "frivolous, unfounded, and vexatiously brought and pursued." *Davis*, 917 F.2d at 1503. The Court concludes that an award of Attorney's Fees under 42 U.S.C. § 1988 is warranted.

Defense counsel has offered an affidavit showing a total of 63.6 hours billed in the present case and $474.50 in out-of-pocket expenses. These figures do not reflect the

approximately 150 hours spent defending the case the first time around.  Indeed, defense counsel's efforts in the first case dramatically reduced the legal work necessary in the second.  The Court has considered the time and expense records offered by counsel and finds them to be reasonable.  Further, although counsel billed the time of the two attorneys working on the case at different rates between $100 and $200 per hour, per its agreement with Defendants' insurer, counsel seeks an award of only $100 per hour.  This rate is on the low end of rates commonly charged in the area, and the Court finds the rate more than reasonable.

**III.    Conclusion**

Accordingly it is

ORDERED that the Robinettes' Motion for Reconsideration [Doc. # 55] is DENIED.  And it is

ORDERED that Defendants' Motion for Attorney's Fees [Doc. # 56] is GRANTED.  The Robinettes shall pay attorney's fees to defense counsel in the amount of $6,360.00, and costs in the amount of $474.50.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  February 21, 2006
Jefferson City, Missouri